# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN O'HINES,<br>CDCR #K-86989, ADC #197067,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CINDY SMITH, Correctional Officer;<br>AMBER COLLIOR, Correctional Officer,<br><br>                                    Defendants. | Civil No.   08-1169 BTM (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 2]**<br><br>**AND**<br><br>**GRANTING PLAINTIFF EXTENSION OF TIME TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)** |

Plaintiff, an inmate currently incarcerated at the Arizona State Prison Complex in Florence, Arizona, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint is virtually incomprehensible. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP").

**I.     MOTION TO PROCEED IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*").

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g);. *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight

or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.   APPLICATION OF 28 U.S.C. § 1915(g)

The Court notes as an initial matter that while Plaintiff's claims are practically impossible to decipher, it has carefully reviewed the Complaint and has ascertained that it makes no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice that Plaintiff has had more than three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Hines v. City of San Diego Police Dep't*, Civil Case No. 00-0969 K (LAB) (S.D. Cal. June 21, 1999) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) & 1915A(b)(1)) (strike one); *Malloy v. Kowolski*, Civil Case No. 00-1186 W (LAB) (S.D. Cal. June 30, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (strike two); *Hines v. Hissong*, Civil Case No. 00-1177 JM (NLS) (S.D. Cal. July 14, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (strike three); *Malloy v. Corcoran Prison*, Civil Case No. 00-5660 REC

1 (DLB) (E.D. Cal. Sept. 25, 2000) (Order dismissing complaint as frivolous) (strike four); *Hines v. Jaffe*, Civil Case No. 00-2078 W (CGA) (S.D. Cal. Nov. 7, 2000) (Order dismissing complaint as frivolous) (strike five); *Malloy v. Galaza*, Civil Case No. 00-5647 AWI (HGB) (E.D. Cal. Dec. 13, 2000) (Order dismissing action for failing to state a claim) (strike six); and *Malloy v. Corcoran Prison*, Civil Case No. 99-6647 REC (SMS) (E.D. Cal. Dec. 15, 2000) (Order dismissing complaint as frivolous and for failing to state a claim) (strike seven).[1]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and fails to make a "plausible allegation" that he is under imminent danger of serious physical injury, he is not entitled to the privilege of proceeding IFP in this action. *See Andrews v. Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* as barred by 28 U.S.C. § 1915(g) [Doc. No. 2]. However, Plaintiff has forty five (45) days from the date this Order is entered to pay the entire $350.00 civil filing fee. If Plaintiff does not pay the entire filing fee within that forty five days, the Court will **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee.

**IT IS SO ORDERED.**

DATED: July 9, 2008

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] The Court notes that Plaintiff has used various aliases including, but not limited to, Jackson Malloy, Jim Hines and James Lynn Hines. However, in each of these cases, the Plaintiff is identified by the same CDCR number.